UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN J. PERRY, NINA PERRY, LAURA PERRY, | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | )    2:15-cv-00310-JCN<br>) |
| JULIET ALEXANDER AND PETER TINKHAM, | )<br>)<br>) |
| Defendants | )<br>) |
| PETER TINKHAM AND JULIET ALEXANDER, | )<br>)<br>) |
| Plaintiffs and Counterclaim Defendants | )<br>)<br>) |
| v. | )<br>) |
| LAURA PERRY, | )<br>) |
| Defendant and Counterclaim Plaintiff | )<br>) |

**DECISION AND ORDER ON DEFENDANTS'
MOTION TO AMEND ANSWER TO ASSERT COUNTERCLAIMS**

This consolidated matter is before the Court on Defendant Juliet Alexander and Peter Tinkham's motion to amend their answers to assert counterclaims. (Motion, ECF No. 128.) Through the motion, Defendants seek to assert an eight-count counterclaim.[1] Plaintiffs oppose Defendants' request citing in part the timing of Defendants' motion.

---

[1] Defendants filed two separate proposed amended answers. (ECF Nos. 128-1, 128-2.)

Following a review of the parties' submissions and after consideration of the parties' arguments, the Court denies the motion.

**Procedural History**

This matter was removed to this Court on August 5, 2015.[2] Following the resolution of Plaintiffs' motion to remand, which resolution included proceedings before the First Circuit, the Court issued a scheduling order that established August 11, 2016, as the deadline for amendments to the pleadings and designated October 27, 2016, as the discovery deadline. (Order, ECF No. 32.) After the close of discovery and following the First Circuit's dismissal of Defendants' interlocutory appeals (Judgment, ECF No. 84), the Court scheduled the matter for a final pretrial conference. At the conference, held on April 7, 2017, the Court scheduled the matter for trial in June 2017. (Order, ECF No. 99.) On May 18, 2017, Defendants moved to amend the scheduling order to re-open discovery, which motion the Court denied. (Motion, ECF No. 104; Order, ECF No. 130.) The matter is now set for jury selection on July 10, 2017, with trial to commence on July 31.

**Discussion**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. In the case of an answer, freedom to amend without leave of court is permitted within 21 days of the date on which the answer was filed. Fed. R. Civ. P. 15(a)(1)(A). Thereafter, leave of court is required, though leave should be granted "freely . . . when justice so requires." Fed. R.

---

[2] On August 30, 2016, the Court consolidated case no. 2:15-cv-310-GZS with case no. 1:12-cv-229-GZS. (Order, ECF No. 46.) Case no. 1:12-cv-229-GZS was filed on May 18, 2012.

2

Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The standard is elevated, however, when the motion seeking leave to amend is filed after the deadline for amendment of the pleadings found in the Court's scheduling order. A motion to amend that is filed beyond the scheduling order deadline requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate "good cause." *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). It falls to the court's discretion whether to grant a late motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

The principal issue generated by Defendants' motion is the potential impact on the scheduled trial of claims that have been the subject of protracted litigation. Plaintiffs argue the proposed amendments introduce new claims, which would require discovery and thus result in a significant delay in the trial. Defendants maintain that little, if any, discovery would be necessary because the proposed counterclaims are based on events and conduct

3

that are the subject of the claims that have been litigated throughout this case. Defendants' arguments are unpersuasive.

The proposed amendments add several new claims to Defendant Peter Tinkham's counterclaim,[3] and add a new counterclaim plaintiff (Defendant Juliet Alexander). The proposed amendments thus include additional substantive claims, another claimant, and claims for additional damages. The amendments would undoubtedly result in further discovery and a notable delay in the trial. In addition, most, if not all, of the facts upon which Defendants rely to support their counterclaims were known to Defendants for many months and years prior to the filing of the motion to amend. Defendants have not offered a compelling reason for the timing of their request to assert the counterclaims. Under the circumstances, Defendants have not demonstrated good cause to amend their answers to assert additional counterclaims at this late stage of the proceedings.

**Conclusion**

Based on the foregoing analysis, the Court denies Defendants' motion to amend their answers to assert additional counterclaims.

/s/ John C. Nivison
U. S. Magistrate Judge

Dated this 28th day of June, 2017.

---

[3] Plaintiffs argue that Defendant Tinkham does not have any pending counterclaims because Defendant Tinkham did not include a counterclaim in his most recent responsive pleading. (Response at 4, ECF No. 141.) Defendant Tinkham contends his counterclaims were not superseded by his subsequent filing. (Reply at n. 2, ECF No. 145.) Because the question of whether Defendant Tinkham has a pending counterclaim is not the subject of this motion, the Court does not address Plaintiffs' argument in this Order.