UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN J PERRY, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:15-cv-00310-JCN |
| | ) | |
| JULIET ALEXANDER, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| PETER TINKHAM, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAURA PERRY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANT PETER TINKHAM'S MOTION IN LIMINE
FOR ADJUDICATION OF DEFAMATION CLAIM**

This mater is before the Court on Defendant Peter Tinkham's motion to prosecute at trial a claim of defamation. (Motion, ECF No. 143.) Defendant Tinkham contends that in his counterclaim, he alleged sufficient facts to inform Plaintiffs of his defamation claim. The Court denies the motion.

**Discussion**

In response to Plaintiffs' complaint, Defendant Tinkham filed an answer and a two-count counterclaim. (ECF No. 14-12.) Defendant Tinkham entitled count I of the counterclaim "legal malpractice," and count II "racketeering by law firm." In his final

pretrial memorandum, Defendant Tinkham acknowledged that the answer to the complaint included two counterclaims, one for legal malpractice and one for racketeering by a law firm. (Pretrial Memorandum at 4, ECF No. 97.) In the pretrial memorandum, Defendants also wrote: "Defendants will file a motion to expand their counter-claims to conform their pleadings to the evidence and to include consistent claims with the additional claim for defamation…" (*Id*. at 6.)

Following the final pretrial conference, the Court noted in the final pretrial order:

> Defendant Peter Tinkham asserts two Counterclaims against Alan Perry, Nina Perry and Laura Perry: Legal Malpractice (Count I) and Racketeering (Count II).
>
> In their pretrial memorandum Defendants contend additional counter-claims are warranted based on the procedural history and the evidence generated to date. To the extent Defendants believe they should be entitled to pursue additional claims, Defendants may file an appropriate motion, which the Court will assess upon the filing of Plaintiffs' response to the motion.

(Order, ECF No. 99.) Defendant Tinkham did not object to the pretrial order.

Subsequently, Defendants moved to amend their answer to assert an eight-count counterclaim, which included a claim for defamation. (Motion, ECF No. 128.) The Court denied the motion. (Order, ECF No. 155.)

Although Defendant Tinkham specifically identified his claims in his counterclaim and in his final pretrial memorandum as "legal malpractice" and "racketeering by law firm," Defendant Tinkham maintains that in a paragraph within the racketeering count of the counterclaim, he asserted a claim for defamation. Specifically, Defendant Tinkham cites paragraph 11 of count II of the counterclaim, which reads:

> Peter Tinkham alleges that the racketeering counter-claim Defendants, in order to defend against Tinkham's claims of legal malpractice by his former lawyers, maliciously defamed and slandered him as a "conspiracy-soaked" theorist and "serial pro se litigant" whose sole purpose was to ruin the fine professional reputations of two ethical lawyers and to rob their legal secretary of her chief means of sustenance.

(Counterclaim at 17, ECF No. 14-12.)

Under different circumstances, Defendant Tinkham's assertions in paragraph 11 might require the Court to assess whether the allegations satisfy the pleading requirements articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (inquiry is whether a pleading includes "enough facts to state a claim to relief that is plausible on its face"). Here, however, such an analysis is not necessary given the history of the proceedings, including Defendant Tinkham's pleadings.

An objective review of the record reveals that defamation has not been among the claims prosecuted as part of Defendant Tinkham's counterclaim. First, in the counterclaim, Defendant Tinkham did not identify a count as a claim for defamation. In addition, in his final pretrial memorandum, he reiterated his two-count counterclaim consisted of claims for legal malpractice and racketeering. Furthermore, Defendant Tinkham recently moved to amend the counterclaim to include a claim for defamation, which filing is consistent with the conclusion the claim was not already included in the counterclaim.[1]

---

[1] In Defendants' motion to amend, Defendants assert "Tinkham included two counterclaims against Alan Perry, Nina Perry, and Laura Perry, including legal malpractice and racketeering by law firm" (Motion at 3, ECF No. 128), and "Tinkham has already asserted counterclaims in this action sounding in legal malpractice and racketeering" (Motion at 7.) Defendants make no mention in the motion of a pending defamation claim, other than the defamation claim asserted by Plaintiffs Alan and Nina Perry.

Finally, defamation was not identified as a claim for trial in the Court's final pretrial order. Instead, consistent with Defendant Tinkham's final pretrial memorandum, the Court's final pretrial order identified Defendant Tinkham's claims as "legal malpractice" and "racketeering by law firm." The final pretrial order "is intended to control the subsequent course of the action, and can be modified only to prevent manifest injustice." *Rodriquez-Garcia v. Miranda-Martin*, 610 F.3d 756, 774 (1st Cir. 2010) (citations and internal quotations omitted). "[I]ssues not included in the final pretrial order are generally waived." *Id*.

Through this motion, Defendant Tinkham in essence seeks to adjudicate a claim that was not included among the issues for trial, and a claim he has not otherwise prosecuted to this point. To permit Defendant Tinkham to prosecute the claim under the circumstances would be inconsistent with the purpose of the pretrial process, including the final pretrial order.

## Conclusion

Based on the foregoing analysis, the Court denies Defendant Tinkham's motion to prosecute at trial a claim of defamation. (ECF No. 143.)

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of July, 2017.