UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN J. PERRY, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:15-cv-00310-JCN |
| | ) | |
| JULIET ALEXANDER, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| PETER TINKHAM, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAURA PERRY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANTS' MOTION TO PRECLUDE EVIDENCE
OF PLEADINGS AND BAR GRIEVANCES**

This matter is before the Court on Defendants' Motion in Limine to Preclude Presentation of Pleadings and/or Bar Grievances as Evidence of Defamation. (Motion, ECF No. 107.) Through the motion, Defendants seek to exclude at trial any written submissions filed by or statements made by Defendants Peter Tinkham and Juliet Alexander in the course of the litigation between the parties or in connection with the professional disciplinary proceedings Defendants initiated against Plaintiffs Alan and Nina Perry.

After consideration of the parties' arguments and a review of the record, the Court denies the motion without prejudice.

## Discussion

Statements made in pleadings and statements made in the course of litigation are privileged communications and thus not actionable. *Dineen v. Daughan*, 381 A.2d 663, 664 (Me. 1978). The privilege also applies to statements made preliminarily to judicial proceedings. *Simon v. Navon*, 951 F. Supp. 279, 282 (D. Me. 1997). For the so-called litigation privilege to apply, however, the statements must be relevant to the litigation. *Dineen*, 381 A.2d at 665. A party, therefore, "cannot exploit the privilege as an opportunity to defame because the privilege is only available when the challenged remarks are pertinent to the judicial proceeding." *Simon*, 951 F. Supp. at 282.

Here, Defendants ask the Court to exclude pleadings and statements made "during the context of litigation." (Motion at 5.) While Defendants might be able to establish the pleadings and statements are within the privilege, on this record, the Court cannot determine whether Defendants can demonstrate the pleadings and statements were relevant to the proceedings. The Court also cannot determine whether the privilege, if it did apply, was waived. Without further development of the record, the Court cannot determine whether any particular pleading or statement is admissible to prove defamation.

Statements made to a professional regulatory board are subject to a conditional privilege. *Jobe v. A Complete Spa & Pool Supply Ctr., Inc.*, 622 N.W.2d 769 (Wis. 2000) (recognizing "a conditional privilege to file a complaint with an administrative agency with respect to allegedly improper business or professional practices"); *cf. Lester v. Powers*, 596

A.2d 65, 70 (Me. 1991) (letter to college tenure committee); *see also* Restatement (Second) Torts § 594 ("An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that (a) there is information that affects a sufficiently important interest of the publisher, and (b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest." (quoted in *Rice v. Alley*, 791 A.2d 932, 936 – 37 (Me. 2002)); *Galarneau v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 504 F.3d 189, 198 (1st Cir. 2007) (noting parties' agreement that employer's report to professional association concerning reason for employee's termination was subject to conditional privilege).

"If a conditional privilege exists, liability for defamation attaches only if the person who made the defamatory statements loses the privilege through abusing it." *Rice*, 791 A.2d at 937 (quoting *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991)). "Whether the defendant abused his privilege is a question of fact. Once it is determined that the defendant is entitled to the privilege, the burden shifts to the plaintiff to come forward with evidence that could go to a jury that the defendant abused the privilege. Abuse includes making the statement outside the normal channels or with malicious intent." *Cole v. Chandler*, 752 A.2d 1189, 1194 (Me. 2000) (citations and internal quotations omitted).

In this case, whether the privilege applies and, if so, whether Defendants abused the privilege are questions that cannot be decided without further development of the record. To the extent, therefore, Defendants ask the Court to determine the matter in advance of trial, Defendants' motion must be denied.

## Conclusion

Based on the foregoing analysis, the Court denies the motion without prejudice to Defendants' right to renew the motion at trial upon further development of the record. To permit Defendants the opportunity to assert an objection to the evidence and to allow the Court the opportunity to determine whether the evidence is admissible, in the event Plaintiffs intend to offer any evidence that could reasonably be considered within the litigation privilege, Plaintiffs shall address the issue with the Court before any such evidence is presented at trial.

/s/ John C. Nivison
U. S. Magistrate Judge

Dated this 17th day of July, 2017.