UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN J PERRY, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>JULIET ALEXANDER, et al., )<br>)<br>Defendants )<br>―――――――――――――――――) <br>)<br>PETER TINKHAM, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>LAURA PERRY, et al., )<br>)<br>Defendants ) | 2:15-cv-00310-JCN |

**ORDER ON PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE CONSIDERATION OF DEFENDANT'S COUNTERCLAIMS**

This matter is before the Court on Plaintiffs' Motion in Limine to Preclude Any Consideration of Defendant's Counterclaims at Trial.[1] (ECF No. 101.) Through the motion, Plaintiffs contend that because the Court entered judgment against Defendant Peter Tinkham on the claims he asserted against Plaintiffs in a previous matter (1:12-cv-229, the

---

[1] This is a consolidation action. In one of the actions that was consolidated, Alan Perry, Nina Perry, and Laura Perry were plaintiffs and in the other action Juliet Alexander and Peter Tinkham were plaintiffs. In this consolidated action, the plaintiffs are Alan Perry, Nina Perry, and Laura Perry; Defendants are Juliet Alexander and Peter Tinkham. In this Order, the Court will refer to Alan Perry, Nina Perry, and Laura Perry as Plaintiffs and Juliet Alexander and Peter Tinkham as Defendants regardless of the pre-consolidation action to which the Court refers.

Tinkham litigation), Defendant Tinkham is precluded from prosecuting his counterclaims for legal malpractice and racketeering by law firm in this action.

After consideration of the parties' arguments and a review of the record, the Court grants in part and denies in part the motion.

**Factual Background**

In the Tinkham litigation, Defendants Peter Tinkham and Juliet Alexander asserted claims, as plaintiffs, against Laura Perry, Alan Perry, Nina Perry, the plaintiffs in this matter, and L. Clinton Boothby.  Defendants Tinkham and Alexander asserted that in 1995, Plaintiff Laura Perry conveyed to them an interest in a cottage in Weld, Maine, that the transfer was deceptive because the property was transferred to a trust established by Plaintiff Alan Perry, that the transfer was accomplished by the use of forged signatures, and that the transaction included a forged mortgage with Defendant Alexander as mortgagor and Plaintiff Laura Perry as mortgagee.

According to the pleadings, in or around 2011, Plaintiffs enlisted Mr. Boothby, an attorney, to assist in the enforcement of the mortgage after Plaintiff Alexander declined to execute documents re-conveying the property.  Defendants Tinkham and Alexander then initiated the Tinkham litigation, in which litigation they asserted fraud/deceit and intentional infliction of emotional distress against the Plaintiffs, and a claim for breach of fiduciary duty against Plaintiff Alan Perry.  Plaintiff Laura Perry subsequently filed a counterclaim for the collection of a promissory note and breach of contract.

On May 14, 2013, the Court dismissed from the Tinkham litigation Mr. Boothby and Plaintiff Nina Perry.  (Order, 1:12-cv-229, ECF No. 93.)  On October 10, 2013, the

Court dismissed all remaining claims asserted by Defendants Tinkham and Alexander with prejudice, pursuant to Federal Rules of Civil Procedure 16(f) and 41(a)(2)&(b), based on Defendants' failure to comply with certain court orders.  As part of its dismissal order, the Court directed the Clerk to enter final judgment.  (Order of Dismissal, 1:12-cv-229, ECF No. 128.)  Judgment was entered on October 10, 2013.  (Judgment, 1:12-cv-229, ECF No. 130.)

After an unsuccessful motion for reconsideration, Plaintiffs filed a notice of appeal. (Notice, 1:12-cv-229, ECF No. 156.)  The First Circuit docketed the appeal and ordered Defendants to show cause as to why the appeal was within the court's appellate jurisdiction, given that the matter remained pending in this Court and that the appeal appeared to be filed late.  (Court of Appeals Docket # 14-1039, Order of March 6, 2014.)  Defendants failed to comply with the order to show cause and the First Circuit dismissed the appeal. (*Id.*, Order of April 8, 2014.)  The Tinkham litigation continued in this Court on Plaintiff Laura Perry's counterclaims.

On May 15, 2014, Plaintiffs Alan Perry, Laura Perry, and Nina Perry filed an action in Maine Superior Court against Defendants Alexander and Tinkham, in which action they asserted claims of defamation, malicious prosecution, fraudulent transfer, foreclosure, breach of contract, and for recovery on a promissory note.  Defendants Alexander and Tinkham removed the action to this Court, which action was assigned case number 2:15-cv-310.  Although this Court remanded the matter to state court, upon Defendants' appeal, the First Circuit returned the matter to this Court in March 2016.  (Judgment of USCA, ECF No. 29.)

While the matter was in state court upon remand, Defendant Tinkham, proceeding pro se, filed an answer and asserted counterclaims of legal malpractice and "racketeering by law firm," naming as counterclaim defendants Plaintiffs. (ECF No. 14-12.) Plaintiffs moved in state court to dismiss or strike the counterclaim (ECF Nos. 14-8, 108-1), but the motions were not decided.

On August 30, 2016, noting that the Tinkham litigation and this matter, under case number 2:15-cv-310, involve "common questions of law and fact," and that the only claims pending in the Tinkham litigation were Plaintiff Laura Perry's claims for breach of promissory note and breach of contract, the Court terminated the Tinkham litigation and ordered that Plaintiff Laura Perry could pursue in this action the claims that were pending in the Tinkham litigation. (Order, ECF No. 46.)

## Discussion

Through their motion in limine, Plaintiffs argue Defendant Tinkham's counterclaim is barred by this Court's earlier dismissal of the claims asserted by Defendants in the Tinkham litigation.[2]

**A. Res Judicata**

"[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). "The appropriate rule under federal common law is 'the law that would

---

[2] Plaintiffs also contend Defendant Tinkham is foreclosed from pursuing the counterclaim because he subsequently filed an amended answer that did not include the counterclaim. The record lacks any evidence to suggest Defendant Tinkham affirmatively dismissed his counterclaim, and the case proceeded through the final pretrial conference with Defendant Tinkham as a claimant. The Court thus is not persuaded Defendant Tinkham is foreclosed on this basis.

be applied by state courts in the State in which the federal diversity court sits,' unless that rule would be 'incompatible with federal interests.'" *Medina-Padilla v. U.S. Aviation Underwriters, Inc.*, 815 F.3d 83, 86 (1st Cir. 2016) (quoting *Semtek Int'l*, 531 U.S. at 508 – 509).

Res judicata, or claim preclusion, applies where (1) the same parties or their privies were involved in a prior action, (2) a valid final judgment entered in the prior action, and (3) the claims presented in the instant action were or might have been litigated in the prior action. *Camps Newfound/Owatonna v. Harrison*, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113. For purposes of the second requirement of res judicata, an interlocutory (non-final) order does not constitute a final judgment. *United States v. U. S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 198 – 199 (1950); *In re Isaiah B.*, 1999 ME 174, ¶ 8, 740 A.2d 988, 991 ("Interlocutory orders are not final judgments for the purpose of res judicata." (citing *Society of Lloyd's v. Baker*, 673 A.2d 1336, 1341 n.6 (Me. 1996))).

Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis supplied).  As the language of the Rule reflects, for a judgment as to fewer than all the claims and parties to be a "final judgment," the Court must make certain express findings.  As the Supreme Court explained:

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427], 438 [(1956)].  It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

In this case, none of the parties asked the Court to make findings and enter an order pursuant to Rule 54(b).  The Court, therefore, did not enter a final order in accordance with Rule 54(b).  Because a final judgment was not entered in accordance with Rule 54(b), the Court's dismissal of Defendants' counterclaims in the Tinkham litigation is not a final judgment for purposes of res judicata.

**B.     Claim Splitting**

A litigant with multiple related claims must not separate, or split, the claims into multiple, successive cases, but must include in the first action all of the claims that fall within the Court's jurisdiction.  *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1165 (1st Cir. 1991).  Claim-splitting is similar to, but notably different from res judicata. "While claim-splitting and res judicata both promote judicial economy and shield parties from vexatious and duplicative litigation, 'claim splitting is more concerned with the

6

district court's comprehensive management of its docket, whereas res judicata focuses on protecting finality of judgments.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833 (11th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). In the claim-splitting analysis, the test "'is whether the first suit, assuming it were final, would preclude the second suit.'" *Klane v. Mayhew*, No. 1:12-cv-203-NT, 2013 WL 1245677, at *5 (D. Me. March 26, 2013) (quoting *Katz*, 655 F.3d at 1218)). When claim splitting occurs, "a court may 'stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.'" *Coleman v. B.G. Sulzle, Inc.*, 402 F. Supp. 2d 403, 421 (N.D.N.Y. 2005) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000)).

Here, at least some of the claims asserted by Defendant Tinkham in this matter arise out of the same circumstances as the claims asserted in the Tinkham litigation. To permit Defendant Tinkham to pursue in this case claims that were or could have been asserted in the Tinkham litigation, which claims he asserted in this case after the Court dismissed his claims in the Tinkham litigation, would in essence allow Defendant Tinkham to circumvent the Court's dismissal order in the Tinkham litigation.

Defendant Tinkham contends that because he did not initiate this action, but merely asserted his claims as a counterclaim to Plaintiffs' claims, the principles of claim splitting are inapplicable. Defendant's argument is unpersuasive. Claim splitting, as with res judicata, concerns separate actions for the same claims regardless of whether the claims are asserted as part of a counterclaim or a direct claim. The Court is aware of no authority

that permits a party to reassert by counterclaim a concluded claim that the party could not assert as a direct claim.

Defendant Tinkham also argues that if he is foreclosed based on claim splitting principles, Plaintiff Laura Perry is similarly foreclosed. Defendant's argument is again unconvincing. As explained above, when a party splits claims among multiple cases, a court can consolidate the claims. After dismissing the Defendant's counterclaim in the Tinkham litigation, the Court consolidated Plaintiff Laura Perry's claims in the Tinkham litigation with the claims asserted in this action.

Although claim splitting principles would preclude Defendant Tinkham from pursuing the claims that were asserted or could have been asserted in the Tinkham litigation, in his counterclaim, Defendant Tinkham alleges conduct that occurred after the October 10, 2013, dismissal of Defendant's counterclaims in the Tinkham litigation. For instance, as part of his legal malpractice claim, Defendant Tinkham cites conduct that allegedly occurred in 2014 (Counterclaim Count I ¶ 14, ECF No. 14-12), December 2013 (*Id*. ¶ 15) and in 2015 (*Id*. ¶ 20). Defendant Tinkham's allegations regarding the racketeering claim are to some degree ambiguous as to time the alleged conduct occurred.

Because on his legal malpractice claim, Defendant Tinkham has alleged conduct that occurred after the dismissal of his claim in the Tinkham litigation, and because of the ambiguity as to time of at least some of his allegations regarding his racketeering claim,[3]

---

[3] In construing Defendant Tinkham's counterclaim, the Court is mindful that at the time of the filing of the counterclaim, Defendant was proceeding pro se, and that a pro se litigant's pleadings are subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

without an evidentiary record, the Court cannot determine that Defendant Tinkham's entire counterclaim would be precluded based on claim splitting principles.[4]  On the current record, therefore, the Court will not preclude Defendant Tinkham from pursuing his counterclaim, provided the claims are not claims that were asserted or could have been asserted in the Tinkham litigation.[5]

## Conclusion

Based on the foregoing analysis, the Court grants in part and denies in part Plaintiffs' Motion in Limine to Preclude Any Consideration of Defendant's Counterclaims at Trial.  To the extent Defendant Tinkham has asserted a claim that was asserted or could have been asserted in the Tinkham litigation, the Court grants the motion.  To the extent Defendant Tinkham has asserted a claim based on conduct that occurred subsequent to, or a claim that otherwise accrued after, the dismissal of his counterclaim in the Tinkham litigation (1:12-cv-229-GZS), the Court denies the motion.

/s/ John C. Nivison
U. S. Magistrate Judge

Dated this 19th day of July, 2017.

---

[4] The Court's decision is based solely on the allegations in the counterclaim and should not be construed as a determination that Defendant Tinkham can in fact establish an actionable claim that is distinguishable from the claims that were asserted or could have been asserted in the Tinkham litigation.  Whether Defendant Tinkham has sufficient, admissible evidence to support such a claim will be determined at trial.

[5] The Court recognizes that some of the evidence that Defendant Tinkham would have offered to support any claims that were asserted or could have been asserted in the Tinkham litigation is evidence he might seek to introduce as part of his defense to Plaintiffs' allegations.  This decision shall not be construed as a determination that the evidence is inadmissible for all purposes.  To the extent Defendant Tinkham intends to seek the admission of the evidence for a purpose other than to support a precluded counterclaim, the Court will determine the admissibility of the evidence at trial.