UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN J. PERRY, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:15-cv-00310-JCN |
| | ) | |
| JULIET ALEXANDER, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| PETER TINKHAM, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAURA PERRY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION
TO CLARIFY**

On July 10, 2017, a jury was selected for the trial in this matter, which trial was to commence on July 31, 2017. On July 26, 2017, counsel for Defendants Juliet Alexander and Peter Tinkham notified the court that the matter had been resolved. The trial scheduled to begin on July 31 was thus cancelled, and the parties were ordered to file a stipulation of dismissal within 30 days. (ECF No. 184.)

Subsequently, the parties reported a dispute had arisen regarding some of the settlement terms. On August 8, 2017, Defendants' counsel moved to withdraw as counsel for Defendants. (Motion, ECF No. 190.) After a hearing on the motion, the Court granted

the motion. (Order, ECF 197.) The Court also denied a subsequent motion to reconsider the order granting counsel's request to withdraw. (Order, ECF No. 212.)

The parties then filed competing motions for sanctions related to the settlement. (Plaintiffs' Motion, ECF No. 203; Defendants' Motion, ECF No. 202.) On September 25, 2017, the Court scheduled a hearing on the pending motions for sanctions to be held on October 27, 2017. (Order, ECF No. 207.)

On October 6, 2017, the Court held a telephonic conference to discuss various issues regarding the October 27 hearing on the motions for sanctions.[1] During the conference, Defendant Juliet Alexander appeared pro se; Defendant Peter Tinkham did not participate. Following the conference, the Court issued an order to govern the pre-hearing process, including the designation of witnesses. (Order, ECF No. 211.) On October 11, 2017, Defendants filed a motion in limine (ECF No. 214) with an accompanying cover letter (ECF No. 214-1), in which filings Defendants asked the Court to cancel the hearing. (Motion, ECF No. 214, ¶ 90.) On October 13, 2017, the Court issued a procedural order, through which order the Court denied Defendants' request to cancel the hearing. (Order, ECF No. 216.)

On October 24, 2017, Defendants filed a motion entitled, "Motion to Clarify the Civil Litigant's Constitutional Right to Counsel." (Motion, ECF No. 218.) In the motion, Defendants write in part that they "have no intention" of appearing at the October 27 hearing "without counsel." (Motion, ¶ 16.) In addition, in the cover letter by which

---

[1] The Court notified the parties of the issues to be discussed during the telephonic conference by order dated October 3, 2017. (Order, ECF No. 209.)

2

Defendants filed the motion, Defendants assert that they will not be present for the October 27 hearing. (Letter at 1, ECF No. 218-1.) Defendants represent they have attempted without success to obtain counsel. (Motion, ¶¶ 17 – 19.) Defendants further write: "Defendants would appreciate a court order compelling the federal tort bar to provide competent representation at its own or at the Court's expense." (Motion, ¶ 22.)

The Court will address Defendants' request for the Court to appoint counsel to represent them.

## Discussion

While Defendants have a right to have legal representation during the hearing, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).[2] The in forma pauperis statute, however, provides that a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court is thus authorized to appoint counsel if a party demonstrates that the party is "indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [the party's] due process rights." *DesRosiers*, 949 F.2d at 23.

Here, Defendants have filed several motions to proceed in forma pauperis, and the Court has denied each motion.[3] Defendants, therefore, have not established that they are

---

[2] The Court notes that in their motion, Defendants assert that they have discharged five prior attorneys in this litigation and did not object to their most recent lawyer's request to withdraw. (Motion at 1.)

[3] *See* Order at ECF No. 76, in which order the Court referenced and incorporated its prior orders denying Defendants' motions to proceed in forma pauperis. The Court entered the same order in case number 1:12-cv-00229, at ECF No. 329.

indigent. The authority under the in forma pauperis statute to appoint counsel thus is inapplicable.

Even if Defendants established that they are indigent, they are not entitled to court appointed counsel as the case does not present the exceptional circumstances necessary for an appointment. To determine whether exceptional circumstances exist, "a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *DesRosiers*, 949 F.2d 24. For example, the presence of "readily mastered facts and straightforward law" would "strongly" suggest that a request for counsel "should be denied in a civil case." *Id.*

The hearing scheduled for October 27 is to consider evidence and argument relevant to the parties' motions for sanctions. The central issue in both motions is whether the parties reached a binding agreement to settle this action. In their motion, which Defendants filed pro se, Defendants recite detailed facts they believe to be relevant to the disputed issues regarding the settlement. Based on their filings, Defendants have demonstrated a knowledge of the relevant facts. In addition, the legal principles that govern the resolution of the motions are relatively straight forward. Finally, Defendants' filings throughout this matter suggest that they are capable of representing themselves. Under the circumstances, therefore, the appointment of counsel would not be warranted even if Defendants establish that they are indigent.

As referenced above, Defendants have asserted that they do not intend to appear for the October 27 hearing. The Court intends to proceed with the hearing as scheduled. Defendants are cautioned that their failure to appear for the hearing could preclude not only

their opportunity to be heard further on the motions for sanctions, but also could preclude their opportunity to prosecute the claims they have asserted in this action and to contest the claims made by Plaintiffs in this action.

**Conclusion**

Based on the foregoing analysis, the Court denies Defendants' request to appoint counsel. The October 27, 2017, hearing will proceed as scheduled.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of October, 2017.