UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ALAN J. PERRY, et al., | ) | |
|---|---|---|
| Plaintiffs | ) | |
| v. | ) | 2:15-cv-00310-JCN |
| PETER TINKHAM, et al., | ) | |
| Defendants | ) | |
| PETER TINKHAM, et al., | ) | |
| Plaintiffs | ) | |
| v. | ) | |
| LAURA PERRY, et al., | ) | |
| Defendants | ) | |

**DECISION AND ORDER ON DEFENDANTS'
MOTION ON JURISDICTION**

Defendants Juliet Alexander and Peter Tinkham challenge the Court's jurisdiction in this matter. (Motion, ECF No. 254.) The Court construes Defendants' request as a motion to dismiss the case for lack of jurisdiction. The Court denies the motion.

**Background**

This consolidated case comprises two actions. The first action is case number 1:12-cv-00229, which action Defendants commenced with a complaint filed

in federal district court, based on diversity of citizenship. The second action is case number 2:15-cv-00310, which action Defendants removed to this Court from the Maine Superior Court based on diversity jurisdiction.

   **1. Case No. 1:12-cv-00229**

In their complaint in case number 12-229,[1] Defendants asserted that they were residents of Massachusetts, and they identified the other parties as residents of Florida and Maine. (Complaint at 1.) In that action, Plaintiff Alan Perry filed a motion to dismiss for lack of jurisdiction, contending that Defendants were residents of Maine. (ECF No. 7.) Defendants opposed the motion to dismiss, and filed affidavits attesting to their residency in Massachusetts. (ECF Nos. 16 – 18.) The Court noted Defendants' sworn statements concerning residency and concluded that diversity of citizenship was established for purposes of the Court's exercise of subject matter jurisdiction. (Recommended Decision, ECF Nos. 83 at 3 – 9; Order Affirming Recommended Decision, ECF No. 92.)[2]

   **2. Case No. 2:15-cv-00310**

On August 5, 2015, Defendants removed to this Court a foreclosure and defamation action Plaintiffs filed in the Maine Superior Court. The grounds for removal included diversity of citizenship. (Notice of Removal at 2, ECF No. 1.) Additionally, Defendants argued that case 15-310 should be consolidated with case

---

[1] Defendants were the plaintiffs in case number 12-229.

[2] In an objection to the recommended decision, Plaintiff Alexander reiterated her Massachusetts residency. (ECF No. 90 at 23 – 26.)

12-229 given the common nucleus of operative facts. (Notice of Removal, ECF No. 1 at 2.)[3] Plaintiffs filed a motion to remand (ECF No. 8), which motion the Court granted based on procedural irregularities related to the notice of removal. (ECF No. 19.) Defendants appealed from the remand order (ECF No. 25), and the First Circuit vacated the Court's order of remand. (ECF No. 29.) Defendants then filed a motion to consolidate case 12-229 and case 15-310 (ECF No. 34), which motion the Court granted. (ECF No. 46.)

## Discussion

In this case, the subject matter jurisdiction of the Court is based on 28 U.S.C. § 1332, which provides that the district courts of the United States "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [inter alia] citizens of different States[.]" *Id.*

For the exercise of diversity jurisdiction to be valid, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). In the context of removal, the relevant citizenship is the citizenship that existed on the date of removal. *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam).[4]

---

[3] In the notice of removal, Defendants also requested transfer to the District of Rhode Island, asserting that Rhode Island was Defendant Alexander's new domicile.

[4] The time-of-filing rule in diversity actions "is the product of a policy decision that aims to promote certainty in diversity cases." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 93 (1st Cir. 2008).

Here, the uncontroverted record, which includes Defendants' representations to the Court, establish the complete diversity required for jurisdiction. In addition, based on the parties' filings, the Court is convinced that the amount in controversy satisfies the jurisdictional threshold. The matter, therefore, is within the Court's subject matter jurisdiction.

To the extent Defendants contend the Court lacks jurisdiction over their persons, in a diversity action, a federal district court's power to exercise jurisdiction over the person of a defendant who lives outside of the state in which the court is located is the same as that of a state court. *Tice v. Taiwan Shin Yeh Enter. Co*., 608 F. Supp. 2d 119, 121 (D. Me. 2009). A federal court, therefore, looks to the state's long-arm statute to determine whether it restricts the reach of the state's courts and, if not, the federal court must determine whether the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. *Id.* The Maine long-arm statute provides that state courts may exercise jurisdiction over claims against nonresident persons "to the fullest extent permitted by the due process clause," 14 M.R.S. § 704-A(1), and thus the due process inquiry generally controls. *Tice*, 608 F. Supp. 2d at 121 – 22.

Due process principles provide that a court can exercise personal jurisdiction over a defendant in the context of a specific case where (1) the litigation arises out of the defendant's forum-state activities; (2) the defendant's in-state contacts reflect the "purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the

4

defendant's involuntary presence before the state's courts foreseeable;" and (3) the exercise of jurisdiction is reasonable based on certain factors.[5] *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995).

In this case, Plaintiffs claims against Defendants include claims related to the parties' interests in Maine real property, which claims include claims for foreclosure, breach of contract, and fraudulent transfer of property.[6] Under Maine's Long Arm Statute, a Maine court has jurisdiction over the person of an out of state resident for purposes of a claim concerning the "ownership, use or possession of any real estate situated in this State." 14 M.R.S. § 704-A(2)(C).

Furthermore, Plaintiffs Alan and Nina Perry each assert a claim of defamation based in part on communications Defendants directed to the Maine Board of Bar Overseers. The Maine long-arm statute extends the jurisdiction of Maine courts "to any cause of action arising from … [d]oing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State." *Id.* § 704-A(2)(B). The alleged defamation (communications directed to the Maine Board of Bar Overseers) would support the exercise of jurisdiction over Defendants because Defendants are alleged to have published defamatory

---

[5] The factors are: (1) the defendants' burden of appearing; (2) the forum state's interest in having its courts adjudicate the dispute; (3) the plaintiffs' interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

[6] Both Defendants have expressed an interest in the property that is the subject of the foreclosure claim. As alleged, Defendant Alexander holds the property as a trustee. Additionally, Defendant Tinkham claims that he should receive compensation for years of maintenance and other carrying costs.

statements in Maine. *Cf. Calder v. Jones*, 465 U.S. 783, 789 (1984) (finding California court had jurisdiction over Florida publishers based on the "effects" of their Florida conduct in California).

Because the claims arise out of Defendants' forum-based activities and contacts, the relatedness requirement is satisfied. Defendants' assertion of an interest in the real property also constitutes the "purposeful availment of the privilege of conducting activities" in Maine such that Defendants' presence in a Maine court is foreseeable. *Sawtelle*, 70 F.3d at 1389. Finally, this Court's exercise of personal jurisdiction is reasonable given the interest Maine courts have in resolving disputes regarding property located in Maine, and given that requiring Defendants to appear in Maine is not overly burdensome insofar as they reside in a state that shares a border with Maine.

## Conclusion

Based on the foregoing analysis, the Court denies Defendants' motion on jurisdiction.

**SO ORDERED.**

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of April, 2018