UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALAN J. PERRY, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:15-cv-00310-JCN |
| | ) | |
| PETER TINKHAM, et al., | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |
| | ) | |
| PETER TINKHAM, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| LAURA PERRY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON PLAINTIFFS' MOTION FOR COURT TO DEEM SETTLEMENT DOCUMENTS SIGNED AND FOR SANCTIONS

This matter is before the Court on Plaintiffs' Motion for Court to Deem Settlement Documents Signed and for Sanctions. (Motion, ECF No. 268.) Defendants did not file a response to the motion.

After review of the motion and the record, the Court grants the motion.

**Discussion**

On May 24, 2018, the Court granted Plaintiffs' Motion to Enforce Settlement and for Sanctions. (Decision and Order, ECF No. 264.)[1] In the Decision and Order, the Court ordered the parties to sign all documents necessary to implement the settlement. Specifically, the Court ordered:

> On or after May 29, 2018, Plaintiffs shall forward to Defendants, in a form by which Defendants' receipt of the documents can be verified, the documents Plaintiffs believe Defendants must sign to implement the terms of the settlement. Within 7 days of the receipt of the documents, Defendants shall execute the documents and return the executed original documents to Plaintiffs' counsel.

(Decision and Order at 11-12.)

On June 13, 2018, Plaintiffs filed a Motion for Court to Deem Settlement Documents Signed and for Sanctions, in which motion Plaintiffs ask the Court to deem the settlement documents signed by Defendants because Defendants have failed to execute the necessary settlement documents. (ECF No. 268.) In support of their motion, Plaintiffs filed several exhibits by which they document their efforts to forward the settlement documents to Plaintiffs. (ECF Nos. 268-1, 268-2, 268-3, 269-4, 268-5.) Defendants did not file a response to the motion.

On the same date Plaintiffs filed their motion, Defendants filed a notice of appeal from the Decision and Order. (ECF No. 271.) "[A]s a general rule, the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir.

---

[1] In the Decision and Order, the Court also denied Defendants' Motion for Judicial Aid in Settlement.

1998) (internal quotation marks omitted). Because Plaintiffs' Motion to Deem Settlement Documents Signed is derivative of the substantive relief granted in the Court's Decision and Order, the Court deferred consideration of the motion pending the appeal. On September 21, 2018, the First Circuit dismissed the appeal. (Judgment, ECF No. 278.) On October 15, 2018, the First Circuit issued its mandate. (ECF No. 279.) With the appeal resolved, the Court will address the relief requested by Plaintiffs.

In the Decision and Order, the Court wrote:

> The Court recognizes that Plaintiffs have asked the Court to deem that Defendants have signed a release and that Defendants have signed a deed transferring all interest in the Weld property. Because the Court has not previously ordered the enforcement of the settlement, the Court believes it appropriate to permit Defendants the opportunity to comply with the Court's order before the Court considers whether any other enforcement measures are appropriate, including whether to deem that Defendants have signed certain documents. In the event Defendants do not comply with the Court's order, Defendants are advised that further sanctions are possible and the Court will consider Plaintiffs' request to deem the settlement-related documents to have been signed by Defendants. *See*, *e.g.*, *Farmer v. Banco Popular of N.A.*, 791 F.3d 1246 (10th Cir. 2015) (upholding imposition of sanctions for party's failure to comply with order to perform under the terms of a settlement agreement); *Queens Syndicate Co. v. Herman*, 691 F. Supp. 2d 283 (D. Mass. 2010) (ordering party to execute mutual release within 14 days and providing that release otherwise would be deemed executed by that date); *Big-D Constr. Corp. v. Take It For Granite Too*, No. 2:11-cv-621, 2013 WL 4519339 (D. Nev. Aug. 23, 2013) (deeming settlement agreement fully executed upon party's failure to fully execute settlement documents).

(Decision and Order at 12 n.12.) Defendants, therefore, were on notice that if they did not sign the settlement documents as ordered, the Court could deem the documents signed and could impose additional sanctions.

Based on the record filed in support of Plaintiffs' motion, the Court is convinced that Defendants received the settlement documents, and, consistent with Defendants'

3

repeated disregard for the Court's prior orders, Defendants have deliberately refused to execute the documents. The Court is also satisfied that without the relief requested by Plaintiffs, the documents necessary to confirm and implement the parties' settlement would remain unsigned by Defendants. The Court, therefore, will deem the documents necessary to implement the settlement signed by Defendants. *Queens Syndicate Co. v. Herman*, 691 F. Supp. 2d 283 (D. Mass. 2010) (ordering party to execute mutual release within 14 days and providing that release otherwise would be deemed executed by that date); *Big-D Constr. Corp. v. Take It For Granite Too*, No. 2:11-cv-621, 2013 WL 4519339 (D. Nev. Aug. 23, 2013) (deeming settlement agreement fully executed upon party's failure to fully execute settlement documents).

As explained in the Decision and Order, despite the Court's prior imposition of sanctions and conclusion that Defendants made "repeated meritless filings designed to delay compliance with the Court's sanction order," (1:12-cv-229-GZS, Order of Dismissal at 2, ECF No. 128), Defendants consistently made baseless and frivolous filings. (Decision and Order at 9.) Given the filings' lack of merit and the nature of the filings,[2] the filings can fairly be characterized as vexatious and made in bad faith. The Court, therefore, will impose the sanctions referenced in the Decision and Order, and sanctions for Defendants' deliberate disregard for the Court's order directing Defendants to sign the settlement

---

[2] In the Decision and Order, the Court found that many of the post-settlement filings had been "baseless, unproductive, and simply a means for Defendants to disparage their counsel, Plaintiffs, Plaintiffs' counsel, and the court process." (Decision and Order at 8.)

4

documents.[3] *See Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."); *Dubois v. U. S. Dept. of Agriculture*, 270 F.3d 77, 80 (1st Cir. 2001) (court can award attorney's fees to a prevailing party "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)); *Farmer v. Banco Popular of N.A.*, 791 F.3d 1246 (10th Cir. 2015) (upholding imposition of sanctions for party's failure to comply with order to perform under the terms of a settlement agreement).

As to the amount of the sanctions, in the Decision and Order, the Court wrote that "a monetary sanction that at least in part considers the financial burden Plaintiffs have incurred in connection with the need to respond to some of Defendants' many unproductive filings in their request to enforce the parties' settlement agreement is warranted." (Decision and Order at 10.) In the context of assessing a sanction imposed in the Rule 11 context, the First Circuit noted that a "sanction usually serves two main purposes: deterrence and compensation." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992). The Court also observed that in the assessment of a sanction, "proportionality is often a proxy for appropriateness," that "a monetary sanction aimed at deterrence is appropriate only when the amount of the sanction falls within the minimum range

---

[3] The Court's assessment of Plaintiffs' prior request for sanctions, and the Court's rationale for the imposition of sanctions in this case are set forth in the Decision and Order (ECF No. 264) and are incorporated herein.

reasonably required to deter abusive behavior," and that "[w]hen a sanction is designed to be compensatory, it should not compensate the opposing party … for any and all costs and expenses incurred in response to the sanctionable conduct, …. only for the fair value of response costs reasonably incurred." *Id*. at 1427.

The Fourth Circuit also identified factors that should be considered in the assessment of a sanction, which factors are instructive in this case. The factors relevant to this case include: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; [and] (3) the ability to pay."[4] *In re Kunstler*, 914 F.2d 505, 523 (4th Cir. 1990) (citing *White v. Gen. Motors Corp*., 908 F.2d 675 (10th Cir. 1990)). The First Circuit has recognized that "[d]eterrence is a widely recognized basis for determining the amount of a monetary sanction." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 6 (1st Cir. 1993). The First Circuit has also acknowledged that a party's ability to pay the sanction is an appropriate consideration. *Silva v. Witschen*, 19 F.3d 725, 733 n.15 (1st Cir. 1994).

In support of their request for sanctions, Plaintiffs submitted affidavits from counsel documenting fees and costs incurred post-settlement in the amount of $18,111.44, for the law firm of Monaghan Leahy, LLP, and $6,717.50, for Dow's Law Office, P.A., for a total of $24,824.94. The Court recognizes that Defendants' frivolous filings required counsel to file many pleadings that otherwise would have been unnecessary. In addition, Defendants' failure to honor the settlement to which they agreed necessitated an

---

[4] The Fourth Circuit also identified "factors related to the Rule 11 violation" as a factor. *In re Kunstler*, 914 F. 2d at 523.

evidentiary hearing. Under the circumstances, the Court finds counsel's fees and costs to be reasonable.

As noted above, however, the reasonableness of the fees is but one of the factors the Court must consider when assessing a sanction that is based on compensation and deterrence. Regarding Defendants' ability to pay, while Defendants are to receive a considerable monetary payment as part of the settlement, the record does not otherwise suggest Defendants have significant means. In addition, in the Court's view, a sanction in the full amount of the attorney fees incurred would exceed the minimum amount reasonably necessary to deter future similar conduct. The Court, however, is mindful that the monetary sanction in the amount of $266.80 previously imposed upon Defendants did not deter future similar conduct. (1:12-cv-229-GZS, Order to Show Cause, ECF No. 122.)

After consideration of the relevant factors, including the First Circuit's observation that the amount of a sanction should be "proportional" and in the "minimum range reasonably necessary to deter" the sanctioned conduct, *Nunez*, 968 F.2d at 1426, the Court is convinced that a sanction that constitutes a modest portion of the fees and costs incurred should be sufficient to deter future similar conduct while compensating Plaintiffs for some of the attorney fees and costs they incurred. The Court concludes that an appropriate monetary sanction is 25% of the fees and costs ($6,206.24), which amount represents partial compensation for the counsel fees and costs Plaintiffs incurred as the result of Defendants' sanctioned conduct, an amount that is within the minimum range reasonably necessary to deter future similar conduct, and an amount within Defendants' ability to pay,

particularly given the monetary consideration Defendants are to receive pursuant to the terms of the parties' settlement agreement.

**Conclusion**

Based on the foregoing analysis, the Court deems that Defendants have signed the Universal Settlement Agreement and Release of All Claims (ECF No. 241-3) and Deed (ECF Nos. 241-4 (sealed), 242-1 (redacted)) filed in support of Plaintiffs' motion to enforce the settlement agreement. In addition, for the reasons set forth in the Decision and Order and this Order, which reasons include Defendants' repeated refusal to comply with the orders of this Court, including the order enforcing the parties' settlement agreement, the Court orders as a sanction that Defendants shall pay Plaintiffs the sum of $6,206.24.

Because the parties reached a binding agreement to settle this matter and because, based on this Order, the settlement documents are complete, the Court dismisses with prejudice all claims asserted in this matter.[5]

    **SO ORDERED.**

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 24th day of October, 2018.

---

[5] On August 30, 2016, the Court consolidated case nos. 1:12-cv-229-GZS and 2:15-cv-310-GZS. (Order, ECF No. 46.) The dismissal is to all claims made in both of the consolidated actions.