UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALAN J. PERRY, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) 2:15-cv-00310-JCN |
| | ) |
| PETER TINKHAM, et al., | ) |
| | ) |
| Defendants | ) |
| _____ | ) |
| | ) |
| PETER TINKHAM, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| LAURA PERRY, et al., | ) |
| | ) |
| Defendants | ) |

# ORDER ON PLAINTIFFS' APPLICATION
# FOR JUDGMENT ON ORDER OF SANCTIONS

On October 24, 2018, the Court issued its Order on Plaintiff's Motion for Court to Deem Settlement Documents Signed and for Sanctions. (Order, ECF No. 280.) In the Order, the Court granted the relief requested by Plaintiffs; the Court deemed that Defendants signed the Universal Settlement Agreement and Release of All Claims, as well

as a deed conveying real property. The Court also imposed a monetary sanction on Defendants for their repeated refusal to comply with orders of the Court.[1]

Plaintiffs now petition the Court to issue a judgment on the order of sanctions, and request a related writ of execution. (Application for Judgment in a Civil Action, Writ of Execution and Writ of Assistance, ECF No. 281.) Plaintiffs report that Defendant has not paid the ordered sanction. After review of Plaintiffs' filings, the Court denies without prejudice Plaintiffs' application for a money judgment on the order of sanctions.[2]

## Discussion

The monetary sanction is not a money judgment that can presently be enforced by a writ of execution. *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment."); *Desjardins v. Desjardins*, 2005 ME 77, ¶ 9, 876 A.2d 26, 29 (order of contempt is not the same thing as a money judgment).

---

[1] After Defendants informed the Court that the parties settled this matter, the Court ordered the parties to file a stipulation of dismissal within 30 days. (ECF No. 184.) A stipulation of dismissal was not filed; rather, the parties filed various motions related to the settlement, which motions included Plaintiffs' motion to enforce the settlement (ECF No. 241) and Plaintiffs' motion to deem the settlement documents signed. (ECF No. 268.) Because the Court granted the motion to enforce the settlement (Decision and Order on Plaintiffs' Motion to Enforce Settlement, ECF No. 264), because the Court considered the settlement complete upon granting the motion to deem the settlement documents signed, and because the matter was to be dismissed as the result of the parties' settlement, the Court dismissed with prejudice the claims asserted in the matter. (Order at 8, ECF No. 280.) Although the Court dismissed the matter, in its Decision and Order on Plaintiff's Motion to Enforce Settlement and for Sanctions, and Defendants' Motion for Judicial Aid in Settlement, the Court specifically "retain[ed] jurisdiction to enforce the terms of [its] Decision and Order and the terms of the parties' settlement agreement." (ECF No. 264.)

[2] The Court notes that Plaintiffs did not include a certificate of service with their filing. In the event Defendants were entitled to but did not receive notice of Plaintiffs' application for judgment, given that the Court is denying Plaintiffs' application, Defendants are not prejudiced by any lack of notice of Plaintiffs' application.

At this stage of the proceedings, therefore, Plaintiffs are not entitled to the entry of a money judgment on the Court's sanction order.

## Conclusion

Based on the foregoing analysis, the Court denies without prejudice Plaintiffs' application for judgment on the monetary sanction.[3]

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of January, 2019.

---

[3] Plaintiffs also seek a writ of assistance regarding the real property to be transferred in accordance with the parties' settlement agreement enforced by the Court. Federal Rule of Civil Procedure 70(d) provides: "On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Fed. R. Civ. P. 70(d). In the prior Order, the Court, on Plaintiffs' motion, deemed signed by Defendants a deed transferring the real property. Based on Plaintiffs' relevant filing, entitled "Writ of Assistance and Abstract of Judgment" (ECF No. 282-1), Plaintiffs appear to request an abstract of the Court's order. The preparation of an abstract is a clerical, not a judicial, function. *United States v. Gutierrez-Ramirez*, 405 F. 3d 352, 357 (5th Cir. 2005) (commenting on the preparation of abstract of judgment in criminal case) (cited with approval, *James v. Holder*, 698 F.3d 24, 28 (1st Cir. 2012). To the extent Plaintiffs seek an abstract of the Court's order, Plaintiffs can submit a proposed abstract to the clerk for the clerk's consideration.